Filed 7/24/14  P. v. Johnson CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CALVIN WILLIAM JOHNSON,<br><br>    Defendant and Appellant. | B250103<br><br>(Los Angeles County<br>Super. Ct. No. BA410082) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Lisa B. Lench, Judge.  Affirmed.

Marilyn Drath, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

On April 10, 2013, C.P., age 14, stopped in at a Walgreens store on the way to school in Los Angeles. While in the store, she sensed appellant Calvin William Johnson following her. When she left and resumed walking to school, Johnson approached her and said she should model for his agency. He took multiple pictures of her chest, rear, and legs with his cell phone, impeded her progress when she attempted to get around him, and grabbed her wrist and pulled her past the school entrance, telling her she was not going to the school. When C.P. told Johnson there were police at the school door, he released her wrist and left, telling her he would be back after school.

C.P. went into the school and told police what had happened. Police searched the area, and the next day detained Johnson at a bus stop one block from the school. C.P. identified him, and five photographs of her were ultimately retrieved from his cell phone, two from the front and three of her buttocks area.

At the preliminary hearing, Johnson filed a Penal Code section 995 motion to set aside the information, arguing the prosecution provided insufficient evidence at the preliminary hearing to hold him to answer for attempted kidnapping and child molesting. He argued contradictions between the victim's statements to police and her testimony at the hearing showed he did not intend to kidnap her, and the lack of any sexual comments made during the encounter proved he had no abnormal sexual interest in her. The prosecution opposed the motion, arguing Johnson's persistence in following the victim supported a strong suspicion that he annoyed or molested her. The motion was denied. Johnson then filed a *Marsden* motion, which he subsequently withdrew.[1]

On July 22, 2013, Johnson was convicted of annoying or molesting a child and was sentenced to one year in county jail plus six months for illegal possession of a stun gun (Pen. Code, §§ 647.6, subd. (a)(1), 22610, subd. (a)), but was acquitted of attempted kidnapping (Pen. Code, §§ 664-207, subd. (a)). He was ordered to pay a $30.00 criminal conviction assessment (Gov. Code, § 70373), two $40.00 court operations assessments

_____

[1] *People v. Marsden* (1970) 2 Cal.3d 118.

(Pen. Code, § 1465.8, subd. (a)(1)), $300.00 to the sexual offender fund (Pen. Code, § 290.3), and $140.00 in restitution.  The court awarded Johnson 103 days actual custody credit and 103 days goodtime/worktime credit.

Johnson timely appealed.  We appointed counsel to represent him on appeal, and after examination of the record, appointed counsel filed an opening brief raising no issues and asking this court to independently review the record.  (*People v. Wende* (1979) 25 Cal.3d 436, 441-442.)  On March 28, 2014, we sent letters to Johnson and appointed counsel, directing counsel to forward the appellate record to Johnson and advising Johnson that within 30 days he could personally submit any contentions or issues he wished us to consider.  To date he has not responded.

We have examined the entire record and find no arguable issue exists, including as to whether Johnson might have received ineffective assistance of counsel.  We are therefore satisfied that Johnson's attorney complied with her responsibilities and affirm the judgment.  (*People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED.

CHANEY, Acting P. J.

We concur:

JOHNSON, J.

\

MILLER, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.